IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OHNAH JONES BROWN, Personal
Representative and Legal Guardian for
AKIRA LYNN FOSSE-JONES, a minor,

    Plaintiff,

vs.                                              Civ. No. 02-0858 JP/ WWD

EDWARD GUSCOTT, Individually, and
ALLSTATE INSURANCE COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 16, 2002, the Plaintiff filed Plaintiff's Motion for Remand to State District Court (Doc. No. 10). Having reviewed the briefs and relevant law, I find that the motion to remand should be denied.

A. Background

On June 15, 1999, Defendant Guscott (now deceased) struck and killed Morgan Fosse in a motor vehicle accident in Albuquerque, New Mexico. Mr. Fosse was riding a motorcycle at the time of the fatal accident. Mr. Fosse was the father of Akira Lynn Fosse-Jones who was four years old when Mr. Fosse died.

On June 11, 2002, the Plaintiff, the mother of Akira Lynn Fosse-Jones, filed a Complaint in New Mexico state court alleging that Defendant Guscott's negligence caused Mr. Fosse's death. The Plaintiff also alleges in the Complaint that Defendant Allstate Insurance Company (Allstate), Defendant Guscott's employer, is responsible for Defendant Guscott's alleged negligence under the theory of *respondeat superior*. The Plaintiff alleges in the Complaint that

Mr. Fosse "suffered severe multiple injuries which resulted in great physical and mental pain, shock, and agony, which injuries resulted in Decedent's death, all to his damage in an amount to be established at trial...." Complaint at ¶21. In addition, the Plaintiff alleges in the Complaint that the "surviving daughter has been deprived of Decedent's support, comfort, protection and society, parental care, advice, care, counsel and services, all to her damage and pecuniary loss...." *Id.* at ¶23. The Plaintiff does not allege that the she is seeking a specific amount of monetary damages.

On July 18, 2002, Defendant Allstate filed a Notice of Removal (Doc. No. 1) contending that this Court has diversity jurisdiction. Defendant Allstate notes in the Notice of Removal that it is an Illinois corporation with its principal place of business in Illinois and that the Plaintiff is a resident of Louisiana.[1] Defendant Allstate disregarded Defendant Guscott's New Mexico residence in determining diversity of citizenship because Defendant Guscott died on January 3, 2002, prior to the filing of this lawsuit.[2] Defendant Allstate further alleges in the Notice of Removal that the amount in controversy exceeds $75,000 because of the Plaintiff's claims of personal injuries and wrongful death of Mr. Fosse and the consequent deprivation of Mr. Fosse's support of his minor daughter. Plaintiff argues in her motion to remand that there is no diversity of citizenship of the parties and that Defendant Allstate has not established that the amount in controversy exceeds $75,000.

---

[1] The parties do not contest the Louisiana residence of the Plaintiff, nor presumably, her Louisiana citizenship for diversity purposes. Defendant Allstate's citizenship is also properly established.

[2] The Plaintiff claims that Defendant Allstate and the personal representative of Defendant Guscott deliberately concealed the fact of Defendant Guscott's death until after this lawsuit was filed.

B. Discussion

There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). Consequently, "removal statutes are construed narrowly" and uncertainties in removal jurisdiction are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Since Defendant Allstate is invoking diversity jurisdiction, Defendant Allstate has the burden of establishing the requirements for diversity jurisdiction. *See id.* (citation omitted).

The Plaintiff argues that under 28 U.S.C. §1441(b) there is not complete diversity in this case. Section 1441(b) states, in pertinent part, that a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Plaintiff maintains that she did not know that Defendant Guscott was dead when she filed suit and that she intends upon remand to state court to substitute Defendant Guscott's personal representative for Defendant Guscott in his individual capacity. The Plaintiff further maintains that the personal representative will be deemed a New Mexico citizen under 28 U.S.C. §1332(c)(2). Consequently, the Plaintiff concludes that there would be a New Mexico defendant in a New Mexico lawsuit and §1441(b) would, therefore, not allow a removal to federal court.

The Plaintiff's argument is flawed for three reasons. First, whether the Plaintiff knew that Defendant Guscott was dead at the time she filed the lawsuit is irrelevant in determining whether there is diversity of citizenship. *See State of Missouri ex rel. and to Use of Darr v. A. B. Collins & Co.*, 34 F.Supp. 550, 554 (D.Mo. 1940)("If a plaintiff joins with a nonresident defendant a dead

man, who was a resident of the same state with the plaintiff in his lifetime, there is still complete diversity of citizenship, no matter how sincerely the plaintiff believed that the dead man was a living man."). Second, a defendant who died prior to the filing of a lawsuit does not have citizenship for diversity purposes. *Id*. Third, diversity of citizenship is determined at the time the lawsuit is commenced and at the time of removal. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir.1996)(citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir.1986)). Whether a personal representative is substituted as a defendant after removal is irrelevant in determining diversity of citizenship. *See Thompson v. Radosta*, 895 F.Supp. 113, 115n.4 (E.D. La. 1995)(since "propriety of removal is determined at the time of removal ... the later addition of the succession as a defendant has no bearing."). The Court will, therefore, disregard the citizenship of Defendant Guscott or any personal representative in determining if there is diversity of citizenship in this case.

The Plaintiff argues next that under 28 U.S.C. §1332(c)(1), Defendant Allstate, Defendant Guscott's insurer, should be deemed a citizen of New Mexico thereby making removal improper under §1441(b). Section 1332(c)(1) states

> that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Section 1332(c)(1) "'was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse.'" *Tuck*

4

*v. United Services Auto. Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989)(quoting *Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985)). Section 1332(c)(1) does not preclude diversity if a lawsuit by an injured third party is not based on the primary liability covered by the liability insurance policy. *Id*. That is the case here. Defendant Allstate is not being sued for payment of a claim under a liability insurance policy. Rather, the Plaintiff sued Defendant Allstate under a theory of *respondeat superior.* Section 1332(c)(1) is inapplicable. In sum, I conclude that there is complete diversity of citizenship between the Plaintiff and Defendant Allstate and that §1441(b) does not prohibit removal to federal court.

Next, the Plaintiff argues that the amount in controversy is less than $75,000.[3] The Plaintiff, however, is reluctant to stipulate that the amount in controversy is less than $75,000. Since Defendant Allstate is invoking diversity jurisdiction, Defendant Allstate has the burden of establishing the amount in controversy. *See Martin*, 251 F.3d at 1290 (citation omitted). The amount in controversy "must be affirmatively established on the face of either the [complaint] or the removal notice" and supported by underlying facts. *Laughlin*, 50 F.3d at 873 (citations omitted). The Court may consider "other relevant materials in the record" if the complaint and notice of removal do not establish an amount in controversy. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000)(citing 14C Wright, Miller, and Cooper, *Federal Practice & Procedure* §3725 at 73 (3d ed. 1998)). In fact, "[it] would be an overreading of

---

[3]The Plaintiff notes that there is a $50,000 liability insurance policy limit in this case and possibly other undisclosed insurance coverages. Defendant Allstate correctly argues that insurance policy limits do not necessarily reflect the amount of damages that the Plaintiff is entitled to under her Complaint.

*Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal." *Hanna v. MIller*, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001).

When "the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin*, 251 F.3d at 1290 (citations omitted). "In other words, Defendant must show that the amount in controversy more likely than not exceeds $75,000." *Varela*, 86 F.Supp.2d at 1111. To determine whether the defendant has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court "may consider the substance and nature of the injuries and damages described in the pleadings, ... or even a plaintiff's refusal to stipulate or admit that he or she is *not* seeking damages in excess of the requisite amount." *Hanna*, 163 F.Supp.2d at 1306 (citations omitted). The Court may also consider if the notice of removal states a good faith belief that the amount in controversy exceeds $75,000. *Id*. at 1307 (citing *Laughlin*, 50 F.3d at 873).

The Complaint at ¶21 alleges that Mr. Fosse suffered from "severe multiple injuries which resulted in great physical and methal pain, shock, and agony, which injuries resulted in Decedent's death...." The Complaint at ¶24 also alleges that Mr. Fosse's daughter should be compensated for her loss of Mr. Fosse's monetary support until she reaches the age of majority as well as for her loss of Mr. Fosse's emotional support throughout her lifetime. Furthermore, there is no indication that the Notice of Removal's allegation that the amount in controversy exceeded $75,000 was not made in good faith. Considering the severity of Mr. Fosse's injuries as described in the Complaint, the age of Mr. Fosse's minor child, the kind of damages the minor daughter seeks in the Complaint, and the good faith estimation by Defendant Allstate in the Notice of

Removal that the amount in controversy exceeds $75,000, I find that Defendant Allstate has shown by a preponderance of the evidence that the "underlying facts" at the time of removal support the assertion that the amount in controversy exceeds $75,000. *See Hanna*, 163 F.Supp.2d at 1306-07 ("detailed prayers of relief in a cross-complaint--coupled with the cross-defendants' good faith estimation that the damages requested would exceed $75,000 and considered in light of the severity of the accident--amply support an inference that the requisite jurisdictional amount has been established."). Moreover, the fact that the Plaintiff was not willing to stipulate that she was not seeking damages in excess of $75,000 is an additional indication that the amount in controversy more likely than not exceeds $75,000.

IT IS ORDERED that Plaintiff's Motion for Remand to State District Court (Doc. No. 10) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE