IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OHNAH JONES BROWN, Personal
Representative and Legal Guardian for
AKIRA LYNN FOSSE-JONES, a minor,

    Plaintiff,

vs.                                                                                 Civ. No. 02-858 JP/WWD

ALLSTATE INSURANCE COMPANY,

    Defendant.

MEMORANDUM OPINION AND ORDER

On October 24, 2002, the Defendant filed Defendant Allstate's Motion and Incorporated Legal Memorandum to Exercise Supplemental Jurisdiction Pursuant to 28 U.S.C. §1367 (Doc. No. 21). Having considered the briefs and relevant law, the Court finds that the Defendant's motion to exercise supplemental jurisdiction should be denied.

A. Background

This is a tort action arising from the death of Morgan Fosse when his motorcycle collided with an automobile. This particular lawsuit is brought by Ohnah Jones Brown on behalf of Mr. Fosse's minor daughter, Akira Lynn Fosse-Jones. There is also a companion state case brought by Diana Fosse, Mr. Morgan's mother. The state case likewise arises from the accident which caused Mr. Morgan's death.

B. Discussion

The Defendant argues that under 28 U.S.C. §1367(a) the Court can exercise supplemental jurisdiction over the state case so that it can be tried in federal court. 28 U.S.C. §1367(a), however, is not "an independent source of removal jurisdiction." *McClelland v. Longhitano*, 140

F.Supp.2d 201, 203 (N.D. N.Y. 2001) and cases cited therein.  As the court in *Mc Clelland* stated:

> On its face, 28 U.S.C. §1367 distinguishes between actions and claims, allowing plaintiffs to bring federal claims in federal court even though combined with state law claims that would otherwise not be within a federal court's jurisdiction.  Nowhere does it indicate that it overrides the removal requirement contained in 28 U.S.C. §1441 or changes the long standing rule that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  Furthermore, Congress never implied or indicated that the supplemental jurisdiction provisions contained in 28 U.S.C. §1367 somehow bestow an independent source of removal jurisdiction on this court for the benefit of state court litigants unhappy with the outcome of proceedings there.

*Id*. at 203-04 (citations omitted).  Consequently, the Defendant cannot use 28 U.S.C. §1367(a) to remove the state case to federal court.  The Defendant must instead remove the state case as provided by 28 U.S.C. §1441.

IT IS ORDERED that Defendant Allstate's Motion and Incorporated Legal Memorandum to Exercise Supplemental Jurisdiction Pursuant to 28 U.S.C. §1367 (Doc. No. 21) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE