IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OHNAH JONES BROWN, Personal
Representative and Legal Guardian for
AKIRA LYNN FOSSE-JONES, a minor,

    Plaintiff,

vs.                                           Civ. No. 02-858 JP/WWD

ALLSTATE INSURANCE COMPANY,

    Defendant.

MEMORANDUM OPINION AND ORDER

On September 30, 2002, the Court denied the Plaintiff's Motion for Remand to State District Court (Doc. No. 10). Memorandum Opinion and Order (Doc. No.15). On October 11, 2002, the Plaintiff filed Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Remand (Doc. No. 18). Having reviewed the briefs and relevant law, the Court finds that the Plaintiff's motion for reconsideration should be denied.

A. Standard

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, ___ F.3d ___, 2002 WL 31656683 *5 n.3 (10th Cir. 2002)(citing *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992)). Instead, a motion for reconsideration is considered to be a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) if it is filed within 10 days of the entry of judgment. *Id*. If the motion for reconsideration is filed more than 10 days after the entry of judgment, it is considered to be a motion for relief from judgment under Fed. R. Civ. P. 60(b). *Id*. In this case, the Plaintiff filed the motion for reconsideration more than 10 days after the Court entered the Memorandum

Opinion and Order denying the motion to remand.[1]  Consequently, the Court will treat the motion for reconsideration as a Rule 60(b) motion.

Rule 60(b) is not intended to be a substitute for a direct appeal.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  In addition, the decision whether to grant Rule 60(b) relief is discretionary.  *Servants of Paraclete*, 204 F.3d at 1009.  Rule 60(b) relief may be granted "for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).

B.  Discussion

The Plaintiff argues that her motion for reconsideration should be granted for essentially two reasons.  First, the Plaintiff argues that this case is distinguishable from *State of Missouri ex rel. and to Use of Darr v. A. B. Collins & Co.*, 34 F.Supp. 550 (D.Mo.1940), a case the Court cited in its September 30, 2002 Memorandum Opinion and Order as support for the following

---

[1]The three day mailing rule does not apply to Rule 59(e).  *See Parker v. Board of Public Utilities of Kansas City, Kan.*, 77 F.3d 1289, 1291 (10th Cir. 1996).

propositions: 1) in deciding if there is diversity of citizenship, it is irrelevant whether the Plaintiff was unaware that Edward Guscott was dead at the time she filed the lawsuit; and 2) a defendant who died prior to the filing of a lawsuit does not have citizenship for diversity purposes. Second, the Plaintiff notes that since she intends to request leave to file an amended complaint to join Edward Guscott's personal representative as a defendant, the Court should reassess its decision that there is diversity jurisdiction.

    1. Deceased Person's Citizenship

The Court interprets the Plaintiff's argument regarding the Court's citation of *A. B. Collins* as an argument made under Rule 60(b)(1). "Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)(citations omitted). Although the court in *A. B. Collins* dealt with determining the citizenship of a dissolved corporation in order to decide if there was diversity of citizenship, the court nonetheless noted by analogy that a person who died prior to the filing of a lawsuit cannot be a resident of a state even if the plaintiff believed that the person was alive. As a matter of logic and commonsense, the residency of a person for diversity of citizenship purposes, who died before a lawsuit naming the deceased as a party is filed, cannot be considered. That deceased person is non-existent and therefore cannot have a "residency" or a "citizenship." The Court's use of *A. B. Collins* to aid it in its discussion of the issue of the citizenship of Edward Guscott does not constitute a substantive mistake of law. The Plaintiff is, therefore, not entitled to Rule 60(b)(1) relief.

2. Amending the Complaint to Join the Personal Representative

The Plaintiff's request that the Court reassess the diversity issue in light of her motion to amend the complaint to join Edward Guscott's personal representative as a defendant has become moot. On December 16, 2002, the Court denied the Plaintiff's Motion for Leave of Court to File Amended Complaint (Doc. No. 25) as moot because the Plaintiff has been unable to obtain appointment of a personal representative. The Court cannot reassess the diversity issue as requested by the Plaintiff in the absence of a personal representative.

IT IS ORDERED that Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Remand (Doc. No. 18) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE