IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OHNAH JONES BROWN, Personal
Representative and Legal Guardian for
AKIRA LYNN FOSSE-JONES, a minor,

    Plaintiff,

vs.                                                            Civ. No. 02-858 JP/WWD

ALLSTATE INSURANCE COMPANY,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

        On September 30, 2002, the Court dismissed the Plaintiff's claims against the deceased Defendant Edward Guscott without prejudice. Order (Doc. No. 17). On December 30, 2002, counsel for Defendant Guscott filed Defendant Guscott's Motion to Convert Dismissal Without Prejudice to Dismissal With Prejudice (Doc. No. 41). Having reviewed the briefs and relevant law, the Court finds that Defendant Guscott's motion to convert should be denied.

A.   Standard

        Since Defendant Guscott's motion to convert asks the Court to reconsider its dismissal of the Plaintiff's claims against Defendant Guscott without prejudice, the Court finds that the motion to convert is akin to a motion for reconsideration. The Federal Rules of Civil Procedure, however, do not recognize a motion for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, ___ F.3d ___, 2002 WL 31656683 *5 n.3 (10th Cir. 2002)(citing *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992)). Instead, a motion for reconsideration is considered to be a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) if it is filed within 10 days of the entry of judgment. *Id*. If the motion for reconsideration is filed more than

10 days after the entry of judgment, it is considered to be a motion for relief from judgment under Fed. R. Civ. P. 60(b). *Id.* In this case, Defendant Guscott's motion to convert was filed more than 10 days after the Court's dismissal of the claims against him. Consequently, the Court will treat the motion to convert as a Rule 60(b) motion.

Rule 60(b) is not intended to be a substitute for a direct appeal. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). In addition, the decision whether to grant Rule 60(b) relief is discretionary. *Servants of Paraclete*, 204 F.3d at 1009. Rule 60(b) relief may be granted "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

B. Discussion

The Court interprets Defendant Guscott's argument to convert the dismissal of the claims against him without prejudice to a dismissal with prejudice as an argument made under Rule 60(b)(1). "Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney

in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)(citations omitted).

The Court granted Defendant Guscott's Motion to Dismiss or for Summary Judgment (Doc. No. 7) under D.N.M. LR-Cv 7.1(b) because the Plaintiff had failed to respond to the motion. Since the Court had not addressed the merits of the motion to dismiss or for summary judgment, the Court dismissed the claims against Defendant Guscott without prejudice. Defendant Guscott argues in his motion to convert that the dismissal should be with prejudice because the Plaintiff cannot sue Defendant Guscott in any subsequent proceedings.  Specifically, the Plaintiff agues that a suit against a deceased person is a nullity.  To support his argument, the Plaintiff cites to *Mercer v. Morgan*, 86 N.M. 711, 526 P.2d 1304 (Ct. App. 1974).  The court in *Mercer* "held that a complaint filed against a dead person was a nullity and that an amendment to add the personal representative after the statute of limitations had run would not relate back under Rule 1-015(C)." *Macias v. Jaramillo*, 2000-NMCA-086 ¶11, 129 N.M. 578.

In explaining the term "nullity" as used in *Mercer*, the *Macias* court stated that although a decedent was no longer in existence, "thus creating the idea of 'nullity,'" the decedent's insurance remained in existence, and the decedent's estate still existed and was subject to liability "upon the filing of appropriate documents under the Probate Code." *Id*. at ¶15.  The *Macias* court concluded that the real issue in determining whether a lawsuit against a dead person is a nullity is whether the public policy against stale lawsuits would bar the lawsuit. *Id*.

In this case, the Plaintiff filed this lawsuit against Defendant Guscott on June 11, 2002 under the mistaken belief that Defendant Guscott was alive.  Once the Plaintiff found out on July

3

13, 2002 that Defendant Guscott was deceased, the Probate Court was petitioned to appoint a personal representative for Defendant Guscott's estate.  The Probate Court apparently appointed Kathryn Guscott as Defendant Guscott's personal representative on October 10, 2002.  Kathryn Guscott, however, subsequently declined to accept the appointment as personal representative.  On January 2, 2003, the Plaintiff, through Diana Fosse, petitioned the Probate Court to appoint another personal representative.  The Plaintiff's mistaken belief that Defendant Guscott was alive when she filed this lawsuit as well as her efforts to obtain a personal representative indicate that the public policy against stale lawsuits would not be violated if the lawsuit against Defendant Guscott is not considered a nullity.  Under these circumstances, the Court concludes that it did not make a substantive mistake of law when it dismissed the Plaintiff's claims against Defendant Guscott without prejudice.  Defendant Guscott is, therefore, not entitled to Rule 60(b)(1) relief.

    IT IS ORDERED that Defendant Guscott's Motion to Convert Dismissal Without Prejudice to Dismissal With Prejudice (Doc. No. 41) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE