IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OHNAH JONES BROWN, Personal
Representative and Legal Guardian for
AKIRA LYNN FOSSE-JONES, a minor,

        Plaintiff,

v.                                      Civ. No. 02-858 JP/WDS

ALLSTATE INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On July 14, 2003, Plaintiff filed a Motion for Leave to File Amended Complaint (Doc. No. 55). Having reviewed the briefs and the relevant law, the Court determines that Plaintiff's motion to amend should be granted.

I.    **Background**

Plaintiff's suit arises from the death of Morgan Fosse, the minor Plaintiff's father, when his motorcycle collided with an automobile on June 12, 1999. On June 11, 2002, Plaintiff filed suit for loss of consortium against Defendant Allstate Insurance Company ("Allstate") and against Defendant Edward Guscott, the alleged tortfeasor in the automobile accident. Kathryn Guscott, Edward Guscott's wife, purported to accept service of the complaint on behalf of Edward Guscott on June 14, 2002. Defendant Edward Guscott, however, had died on January 3, 2002. His obituary was published in the Albuquerque Journal on January 7, 2002. Plaintiff filed suit against Defendant Guscott under the mistaken belief that he was alive.

On July 13, 2002, Plaintiff learned that Mr. Guscott was deceased. On September 30, 2002, in response to Defendant Edward Guscott's motion to dismiss, the Court dismissed the Plaintiff's claims against the deceased Defendant Guscott without prejudice. (Doc. No. 17).

On October 10, 2002, Plaintiff's attorney appeared in probate court *ex parte* asking that the court appoint a personal representative for the estate of Edward Guscott on an emergency basis in order to preserve her client's claim. As a result of Plaintiff's attorney's emergency request, the probate court appointed Kathryn Guscott as personal representative on October 10, 2002. The appointment, however, was not effective until the personal representative submitted a notarized acceptance and qualification of the appointment. Kathryn Guscott subsequently declined to accept the appointment.

The next day, on October 11, 2002, Plaintiff filed a Motion for Reconsideration of Order Denying Plaintiff's Motion for Remand (Doc. No. 18) to which Plaintiff attached a Motion for Leave of Court to File Amended Complaint. Plaintiff subsequently filed the motion to amend separately on October 31, 2002. (Doc. No. 25). On December 16, 2002, the Court denied the motion to amend as moot because at that time no personal representative had been effectively appointed. The Court nevertheless stated that Plaintiff could renew her motion to amend when a personal representative was appointed. (Doc. No. 38).

On January 2, 2003, Plaintiff, through Diana Fosse, Morgan Fosse's mother, filed in the Second Judicial District Court of the State of New Mexico a petition for formal probate and the appointment of a personal representative for Mr. Guscott's estate. The state court held hearings on the petition on February 24, 2003, and again on March 25, 2003. The state district

court granted Kathryn Guscott's oral request to be appointed as personal representative of her husband's estate on June 16, 2003.[1]

Less than a month later, on July 14, 2003, Plaintiff filed a second motion for leave to file an amended complaint in this Court. Discovery deadlines in this case have passed. Trial is set on September 15, 2003. On July 30, 2003, this Court held a pretrial conference to discuss pending matters. Plaintiff's counsel failed to appear for the hearing due to a medical emergency. Counsel appearing specially for Kathryn Guscott requested an expedited ruling on Plaintiff's motion to amend because counsel for Ms. Guscott will need to conduct limited discovery before the scheduled trial date. The Court determined that an expedited ruling was appropriate.

II. **Discussion**

FED. R. CIV. P. 15(a) provides in relevant part that a party may amend its pleadings only by leave of court, and leave shall be freely given when justice so requires. Leave to amend should be granted unless the party opposing the motion has made a showing of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, or undue prejudice. Foman v. Davis, 371 U.S. 178, 182 (1962); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). The grant or denial of a motion to amend under FED. R. CIV. P. 15(a) is within the sound discretion of the trial court. Foman, 371 U.S. at 182. Untimeliness alone can be a sufficient reason to deny leave to amend when the movant offers no adequate explanation for the delay. Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990). The court may deny a motion to

---

[1]Kathryn Guscott's appointment as personal representative is currently the subject of a pending appeal in state court.

amend as futile if the proposed amendment would not withstand a motion to dismiss or it otherwise fails to state a claim upon which relief may be granted. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs. Inc., 175 F.3d 848, 859 (10th Cir. 1999); Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992).

    A.    **Futility**

Plaintiff's proposed amended complaint seeks to add Kathryn Guscott, the personal representative of Edward Guscott's estate, as a defendant. This suit arises from a June 12, 1999 motor vehicle accident. Plaintiff filed her original complaint in this case on June 11, 2002. Plaintiff filed the motion to amend at issue here on July 14, 2003, well over a year after Edward Guscott died. The proposed Defendant argues that Plaintiff's motion to amend should be denied because the amendment would be futile as Plaintiff's claim against the personal representative of decedent's estate is barred by two different statutes of limitations: (1) the three-year statute of limitations for personal injury actions, NMSA 1978, § 37-1-8 (1976), and (2) the one-year statute of limitations for claims against a decedent's estate that arose before the death of the decedent, NMSA 1978, § 45-3-803(A) (1993). Moreover, Kathryn Guscott contends that the proposed amendment cannot relate back to Plaintiff's original complaint because Plaintiff's claim against the decedent was a nullity.

    1.    **Nullity**

New Mexico follows the general rule that a suit brought against a defendant who is dead is a nullity and of no legal effect. Mercer v. Morgan, 86 N.M. 711, 712, 526 P.2d 1304, 1305 (Ct. App. 1974). In Mercer, a complaint stemming from an August 27, 1968 accident was filed against the defendant on August 24, 1971, three days prior to the expiration of the statute of

4

limitations for personal injury actions.  Id. at 712, 526 P.2d at 1305.  The defendant, however, had died on July 12, 1971.  Id.  After a personal representative for the defendant's estate was appointed on October 7, 1971, the plaintiff moved to amend the complaint to make the personal representative a defendant.  Id.  The trial court allowed the substitution of the personal representative but granted summary judgment based on the running of the statute of limitations.  Id.  The New Mexico Court of Appeals affirmed the trial court's decision, holding that the original suit was a nullity because it was brought against a deceased person, and thus, there was no pending action to which the amended complaint could relate back in order to fall within the statute of limitations period.  Id. at 713, 526 P.2d at 1306.  In this case, Plaintiff filed her original suit against both Defendant Allstate and former Defendant Edward Guscott.  As in Mercer, Edward Guscott was already deceased at the time Plaintiff filed suit.  Also like Mercer, Plaintiff did not seek to add the personal representative of the decedent's estate until after the three-year statute of limitations for personal injury suits had run.

Plaintiff argues, however, that Macias v. Jaramillo, 129 N.M. 578, 11 P.3d 153 (Ct. App. 2000), and not Mercer, governs the disposition of this case.  In Macias, the plaintiff learned of decedent's death prior to the statute of limitations deadline.  Id. at 580, 11 P.3d at 155.  Shortly thereafter, the plaintiff's attorney spoke with the decedent's son who told the attorney that decedent's sons were the personal representatives of decedent's estate.  Upon receiving this information and prior to the expiration of the statute of limitations period, the plaintiff filed her complaint naming the decedent's sons as personal representatives of their father's estate.  Id.  Nine months after the complaint was filed and after the three-year statute of limitations had expired, the defendants filed a motion to dismiss on the grounds that they were not the personal

5

representatives of the decedent's estate and that the statute of limitations barred plaintiff's action. Id.  The plaintiff then moved to amend the complaint to substitute the decedent's insurer and "John Doe (unknown Personal Representative of the Estate of Joe C. Jaramillo, Deceased)" as defendants in place of the decedent's sons.  Id.  The court of appeals determined that the Mercer rule did not apply and that there was "no reason to determine the complaint a 'nullity' where Plaintiff named the sons of a tortfeasor decedent after one of them stated that they were the personal representatives, in order to get an action on file within the limitations period."  Id. at 581, 11 P.3d at 156.

After closely examining the facts in Mercer and Macias, the Court determines that Mercer dictates the disposition of the nullity issue in this case.  Unlike in Macias, here Plaintiff did not name a personal representative prior to the expiration of the statute of limitations deadline.  Instead, Plaintiff named the decedent himself in the complaint -- a situation directly on point with Mercer.  Consequently, with respect to the nullity issue, this Court is bound by the Mercer decision, and thus, Plaintiff's claims against former Defendant Edward Guscott were a nullity and of no legal effect.

This determination, however, does not end the inquiry because, in contrast to both Mercer and Macias, here Plaintiff's original complaint states a cause of action against a second defendant, Defendant Allstate.  Hence, in this case there is a pending action to which relation back could apply.  Plaintiff's proposed amendment, therefore, would not be futile if under FED. R. CIV. P. 15(c) the amendment could relate back to Plaintiff's original complaint.

>   2.   **Relation back**

Whether or not Plaintiff's proposed amendment is permitted to relate back to her original complaint under Rule 15(c) is a matter of federal law. Loudenslager v. Teeple, 466 F.2d 249 (3d Cir. 1972). FED. R. CIV. P. 15 allows a plaintiff to amend her complaint to add a defendant after the statute of limitations has run. Rule 15 provides that an amendment will relate back to the date of the original complaint provided that the following requirements are satisfied: (1) the claim asserted in the amended pleading must arise from the same conduct, transaction, or occurrence set forth in the original pleading; (2) the new defendant must have received adequate notice of the "institution of the action" so as not to be prejudiced in maintaining a defense on the merits; (3) the new defendant must have known or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the new defendant; and (4) the notice and "knew or should have known" factors must be satisfied within 120 days of the service of the original complaint. FED. R. CIV. P. 15(c); Loveall v. Employer Health Services, Inc., 196 F.R.D. 399, 402 (D. Kan. 2000); 3 Moore's Federal Practice, § 15.19[3][a] (3d ed. 2002). The first requirement is not at issue here. Plaintiff's claim against the personal representative of Edward Guscott's estate arises from the same June 12, 1999 automobile accident at issue in the original complaint.

In regard to the second element, the notice required may be either formal or informal. See Archuleta v. Duffy's Inc., 471 F.2d 33, 39 (10th Cir. 1973) (determining that Notes to Advisory Committee make clear that notice under Rule 15 need not be formal); Loveall, 196 F.R.D. at 403 (holding that notice of suit need not be formal notice); Kinnally v. Bell of Pennsylvania, 748 F.Supp. 1136, 1141 (E.D. Pa. 1990) ("The conclusion of a growing number of courts and

7

commentators is that sufficient notice may be deemed to have occurred where a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means."). The notice must be such that the defendant will not be prejudiced in maintaining a defense on the merits. Maycher v. Muskogee Medical Center Auxiliary, 1997 WL 698007, No. 97-7021 *2 (10th Cir. Nov. 6, 1997); Loveall, 196 F.R.D. at 403. Under Rule 15(c)(3), the notice must also have been received within 120 days of the service of the original complaint.[2]

Plaintiff filed her complaint on June 11, 2002. According to Rule 15(c)(3), as amended in 1991, Kathryn Guscott must have received notice of the institution of the action within 120 days of June 11, 2002, i.e., on or before October 9, 2002. See FED. R. CIV. P. 6(a) (time computation). In this case, Kathryn Guscott accepted service of the original complaint on behalf of Edward Guscott on June 14, 2002, three days after Plaintiff filed the original complaint and clearly within the 120-day deadline. Having received "notice of the institution of the action" merely three days after the original complaint was filed, Kathryn Guscott's arguments of prejudice in maintaining a defense are unpersuasive, especially given that Ms. Guscott and her counsel should have known that all that stopped a claim against Mr. Guscott's estate was the appointment of a personal representative. See Macias, 129 N.M. at 584, 11 P.3d at 159 ("It was not a surprise to anyone that Plaintiff's claim was aimed at Decedent's estate, and that it would take only a few

---

[2]In her response to Plaintiff's motion to amend, Kathryn Guscott contends that the notice must have been received prior to the expiration of the statute of limitations. The proposed Defendant relies on pre-1991 cases for this proposition. Although the prior version of Rule 15(c) required that a party to be added receive notice of the action within the limitations period, Rule 15(c)(3) was amended in 1991 to require only that the plaintiff give the additional party notice within the 120 days provided for service of the original complaint. See Maycher, 1997 WL 698007 at *2; 3 Moore's Federal Practice, § 15.19[3][e] (3d ed. 2002).

8

documents filed in court to legally effectuate an estate and obtain appointment of a personal representative in order to enforce the claim in question. We see no prejudice to Decedent's estate."). Under these circumstances, Plaintiff has met the notice requirement under Rule 15(c)(3). See Loudenslager, 466 F.2d at 250 (allowing amendment under Rule 15 where personal representative of named defendant's estate accepted service by mail prior to expiration of notice period).

In addition, Plaintiff alerted Kathryn Guscott to her potential involvement as a defendant in this case within the 120-day period. On August 16, 2002, in Plaintiff's Motion for Remand to State District Court, Plaintiff stated, "Plaintiff intends to substitute the personal representative for the deceased upon remand to State Court." (Doc. No. 10). Plaintiff further asserted, "Defendant Allstate Insurance Company and the personal representative deliberately concealed the death of the insured from Plaintiff until after the limitations period." Id. Plaintiff has repeatedly blamed Kathryn Guscott for concealing the death of her husband from Plaintiff. See Mem. Br. in Supp. of Pl.'s Mot. for Remand (Doc. No. 11) at 1; Pl.'s Rebuttal (Doc. No. 14) Ex. 1 and 2. Thus, it was clear that Plaintiff considered the decedent's wife, Kathryn Guscott, to be the personal representative who Plaintiff intended to add as a defendant in this litigation. This notice can be imputed to Kathryn Guscott through her attorney, Ripley B. Harwood, counsel for former Defendant Edward Guscott and counsel appearing specially for Kathryn Guscott. See Loveall, 196 F.R.D. at 403 (stating that Rule 15(c)(3) does not require actual service or that notice issue directly from plaintiff); Mitchell v. Hendricks, 68 F.R.D. 564 (E.D. Pa. 1975) (holding that notice to proposed defendant can be imputed through attorney). Therefore, this Court concludes that

Rule 15(c)(3)'s notice requirement was fulfilled by Plaintiff's Motion for Remand to State District Court, filed August 16, 2002.

For these same reasons, proposed Defendant Kathryn Guscott knew or should have known within 120 days of the filing of the original complaint that, but for Plaintiff's mistaken belief that Edward Guscott was alive, the action would have been brought against the personal representative of Mr. Guscott's estate.  See Brennan v. Smith's Estate, 301 F.Supp. 307, 309 (M.D. Pa. 1969) (finding that wife of decedent knew or should have known that, but for mistake in designation of estate as party, the action would have been brought against her as administratrix).  Kathryn Guscott knew or should have known that Plaintiff's naming of the decedent was a mistake and that the decedent's estate, through the personal representative, was the intended defendant.  See Macias, 129 N.M. at 584, 11 P.3d at 159 ("[The Decedent's sons] were unquestionably on notice that Decedent's estate and insurance was [sic] the target and that the [Decedent's sons] or a creditor could be appointed as personal representative.").  Kathryn Guscott should have been aware that there was a strong possibility that she would be appointed personal representative.  According to the Uniform Probate Code, absent a different priority as determined by a probated will, the surviving spouse of the decedent has the highest priority for appointment as the personal representative of the decedent's estate.  NMSA 1978, § 45-3-203(A) (1975).  Given that Ms. Guscott was aware of Plaintiff's intention to add the personal representative as a defendant in this case, Ms. Guscott knew or should have known that the action would likely be brought against her.  Thus, Plaintiff met the third and fourth prongs of Rule 15(c).

In sum, the Court determines that Plaintiff met the requirements of Rule 15(c) in order to allow Plaintiff's proposed amendment to relate back to the date Plaintiff filed the original complaint. Accordingly, neither the one-year nor three-year statute of limitations bars Plaintiff's proposed amended complaint, and thus, allowing Plaintiff to amend the complaint will not be futile.

B.  **Untimeliness and Prejudice**

The proposed Defendant also contends that the motion to amend should be denied because it is untimely and prejudicial. There is little doubt that had Plaintiff filed the original complaint, gotten a personal representative appointed, and moved to amend the complaint sooner, Plaintiff could have avoided many of the problems that have arisen in trying to bring suit against Mr. Guscott's estate. The Court advises Plaintiff's counsel to exercise more diligence in the future. Nevertheless, as discussed above, Plaintiff barely met certain deadlines: Plaintiff filed her initial complaint against Defendant Allstate within the relevant one-year and three-year statutes of limitations deadlines and gave sufficient notice to the decedent's estate and Kathryn Guscott of their potential involvement in this suit within the requisite 120 days to permit relation back of the proposed amendment. Although Plaintiff filed this motion to amend more than a year after the filing of her original complaint, Plaintiff filed her initial motion to amend only four months after the filing of the original complaint. At that time, Plaintiff also petitioned the probate court to appoint Kathryn Guscott as personal representative of Edward Guscott's estate. Had Kathryn Guscott not contested her initial appointment as personal representative, the Court could have rendered a final ruling on whether Plaintiff was entitled to add the personal representative as a defendant back in December 2002. Instead, Kathryn Guscott declined the appointment only to

11

later make an oral request before the probate court to be appointed as personal representative. Less than a month after the probate court granted Kathryn Guscott's oral motion to be appointed personal representative, Plaintiff filed this motion to amend. Thus, the delays in amending the complaint to add the personal representative of Mr. Guscott's estate are, in part, a product of Kathryn Guscott's own making. Given these circumstances, the Court does not find Plaintiff's second motion to amend her complaint so untimely as to warrant denial of Plaintiff's motion.

In regard to Kathryn Guscott's claim of prejudice, this Court has already determined that Ms. Guscott received notice of the institution of this action a mere three days after the filing of the original complaint and became aware of her potential involvement as a defendant as early as August 16, 2002. As discussed above, the Court finds Ms. Guscott's claims of prejudice unpersuasive. Moreover, the Court will permit counsel for Ms. Guscott to conduct limited discovery regarding the contacts of the minor child Plaintiff with her father, Morgan Fosse, in order to negate any possible prejudice to Ms. Guscott as a result of her being added after the discovery deadlines have passed.

Having determined that the amendment is not untimely or prejudicial and that the amendment would not be futile, the Court concludes that Plaintiff's motion to amend should be granted.

        C.    **The Amendment's Effect on Diversity Jurisdiction**

The Court's jurisdiction to hear this suit is based on diversity: Plaintiff is a resident of Louisiana and Defendant Allstate is an Illinois corporation with its principal place of business in Illinois. According to 28 U.S.C. § 1332(c)(2), the personal representative of a decedent's estate is deemed to be a citizen of the same state as the decedent, which in this case is New Mexico.

See Notice of Removal (Doc. No. 1) Ex. A at 1.  This case was removed to this Court based on 28 U.S.C. § 1441 and § 1446.  Section 1441(b) provides that diversity actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  As the personal representative of Mr. Guscott's estate is a citizen of New Mexico, the state in which this suit is brought, allowing the personal representative to be added to this suit poses a potential jurisdictional problem.

Ordinarily, diversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action.  Salt Lake Tribune Pub. Co., LLC v. A T & T Corp., 320 F.3d 1081, 1096 (10th Cir. 2003) (quoting Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (per curiam)).  "However, diversity jurisdiction will be destroyed if it is determined that the later-joined, non-diverse party was indispensable to the action at the time it commenced."  Id.  Whether a party is indispensable is determined by considering the factors in FED. R. CIV. P. 19.  Id.  Under Rule 19 a court must determine the following: (1) whether the party is necessary under Rule 19(a), and (2) whether the party is indispensable under Rule 19(b).  FED. R. CIV. P. 19; Salt Lake Tribune, 320 F.3d at 1096-97.

In this case, if the personal representative of Mr. Guscott's estate was indispensable to the action at the time it commenced, then diversity jurisdiction will be destroyed, this Court will be divested of its authority to hear this case, and remand to state court will be required.  Therefore, it is critical to determine whether Kathryn Guscott as the personal representative was indispensable to this action at the time it was filed.  Given the importance of this issue to the resolution of the case, the Court orders both parties to file briefs on or before August 20, 2003, on the following

13

issue: whether Kathryn Guscott as the personal representative of Mr. Guscott's estate was indispensable to this action at the time it commenced.

IT IS THEREFORE ORDERED that:

1.	Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 55) is GRANTED; and

2.	Both parties must file briefs on or before August 20, 2003, on the issue of whether Kathryn Guscott as the personal representative of Mr. Guscott's estate was indispensable to this action at the time it commenced.

_____
CHIEF UNITED STATES DISTRICT JUDGE