IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**OHNAH JONES BROWN, Personal
Representative and Legal Guardian for
AKIRA LYNN FOSSE-JONES, a minor,**

      **Plaintiff,**

v.                                                        Civ. No. 02-858 JP/WDS

**ALLSTATE INSURANCE COMPANY and
KATHRYN GUSCOTT, the personal
representative of Edward Guscott's estate,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

On August 13, 2003, the Court entered a Memorandum Opinion and Order (Doc. No. 60) granting Plaintiff's Motion for Leave to File Amended Complaint to add Kathryn Guscott, the personal representative of former Defendant Edward Guscott's estate, as a defendant.  The Court also ordered the parties to file briefs on the issue of whether Kathryn Guscott, as the personal representative of Mr. Guscott's estate, was indispensable to this action at the time it commenced for the purpose of determining whether the Court has diversity jurisdiction.  On August 15, 2003, Kathryn Guscott filed a Memorandum of Points and Authorities Regarding Party Status of Kathryn Guscott, and Request for Reconsideration of Plaintiff's Joinder Motion (Doc. No. 62). On August 20, 2003, Plaintiff filed a Brief on Diversity Jurisdiction and Request to Correct the Memorandum Opinion and Order of August 13, 2003 on the Nullity Rule (Doc. No. 67).  That same day Defendant Allstate Insurance Company ("Allstate") filed a Memorandum Brief

Regarding Proposed Defendant Kathryn Guscott's Party Status Pursuant to Court's Order of August 13, 2003 (Doc. No. 68). Having considered the briefs and the relevant law, the Court determines that (1) Plaintiff's request to reconsider the Court's ruling on the nullity issue should be denied; (2) Kathryn Guscott's request for reconsideration of the Court's order granting leave to amend Plaintiff's complaint should be denied; (3) the Court no longer has diversity jurisdiction over this matter; and (4) this action should be remanded to state court.

**Reconsideration of Nullity Issue**

In its August 13, 2003 Memorandum Opinion and Order, the Court ruled that Plaintiff's claims against former Defendant Edward Guscott were a nullity and of no legal effect. The Court based its decision on Mercer v. Morgan, 86 N.M. 711, 526 P.2d 1304 (Ct. App. 1974). Plaintiff contends that the Court should reconsider that ruling because subsequent New Mexico cases have rejected application of the nullity rule.

The Court has considered all the post-Mercer cases cited by Plaintiff and determines that the nullity rule, albeit weakened, remains the law in New Mexico.[1] The New Mexico Court of Appeals expressly stated in Mercer, "We follow the general rule that a suit brought against a defendant who is already deceased is a nullity and of no legal effect." Id. at 712, 526 P.2d at 1305. The cases subsequent to Mercer have avoided application of the nullity rule and cautioned against its blind and technical application. See e.g., Chavez v. Regents of the University of New Mexico, 103 N.M. 606, 711 P.2d 883 (1985); Martinez v. Segovia, 133 N.M. 240, 62 P.3d 331 (Ct. App. 2002); Macias v. Jaramillo, 129 N.M. 578, 11 P.3d 153 (Ct. App. 2000). Although

---

[1] In fact, the Court considered all these same cases when making its initial determination that the nullity rule is the law in New Mexico.

these cases weakened the effect of <u>Mercer</u>'s nullity rule, none of these cases expressly overruled <u>Mercer</u>.  In requesting that the Court reconsider its ruling on the nullity issue, Plaintiff effectively asks the Court to reject the nullity rule and overrule <u>Mercer</u>, a decision this Court is loathe to make, given that both the New Mexico Court of Appeals and New Mexico Supreme Court, when given multiple opportunities, have declined to overrule <u>Mercer</u> themselves.  Because the facts of this case are squarely on point with <u>Mercer</u>, this Court is bound by that decision.  Accordingly, the Court denies Plaintiff's request to reconsider the Court's ruling on the nullity issue.

### Reconsideration of Plaintiff's Joinder Motion

Defendant Kathryn Guscott requests that the Court reconsider its decision to grant Plaintiff leave to amend Plaintiff's complaint to add Ms. Guscott as a defendant.  Kathryn Guscott argues that the following pragmatic reasons justify denial of the amendment:  (1) the new defendant adds nothing to Plaintiff's case; (2) Plaintiff's amendment is untimely and requires Kathryn Guscott to scramble to prepare a defense; (3) Ms. Guscott will have to go through the inconvenience of trial attendance; and (4) Plaintiff filed her motion in an attempt to destroy diversity jurisdiction.  The Court finds each of these contentions to be without merit.

First, under the doctrine of respondeat superior, a plaintiff has a choice as to whether to bring a joint action against an employer and his employee for injuries resulting from the employee's negligence or to bring suit solely against either the employee or the employer.  See <u>Murphy v. Newport Water Landing, Inc.</u>, 806 F.Supp. 322, 326 (D. R.I. 1992) (noting that plaintiff can bring joint action against employer and employee for injuries resulting from employee's negligence under doctrine of respondeat superior or plaintiff can bring suit against either employee or employer). Plaintiff may have strategic reasons for bringing suit against both

Allstate and Kathryn Guscott, as personal representative of the estate of Edward Guscott, who was an employee of Allstate. The Court does not agree with Defendant that adding Ms. Guscott is utterly pointless and of no value. Second, as to the timeliness of the amendment, this Court has already determined that the lateness of the amendment is, in part, a product of Ms. Guscott's own making. See Mem. Op. and Order (Doc. No. 60) at 12. Moreover, the Court has stated that it would permit counsel for Ms. Guscott to conduct limited discovery in order to negate any possible prejudice as a result of her being added after the discovery deadlines have passed. The Court may also grant extensions of time and continuances if necessary and in the interests of justice. Thus, any prejudice to Defendants would be minimal. Third, the inconvenience of trial attendance is a necessary circumstance that attaches to all parties and is hardly a reason to deny leave to add a proper party. Finally, because Plaintiff can bring a joint action against an employer and his employee for injuries resulting from the employee's negligence, the Court finds that Plaintiff's amendment was not filed solely to defeat diversity jurisdiction. Accordingly, the Court will deny Kathryn Guscott's request to reconsider the Court's decision granting Plaintiff leave to amend the complaint to add Ms. Guscott, as the personal representative of the estate of Edward Guscott, as a defendant.

### Diversity Jurisdiction

As discussed in the Court's August 13, 2003 Memorandum Opinion and Order, the Court's jurisdiction to hear this suit is based on diversity. Plaintiff is a resident of Louisiana and Defendant Allstate is an Illinois corporation with its principal place of business in Illinois. Ms. Guscott, as the personal representative of Mr. Guscott's estate, is deemed to be a citizen of New Mexico. See 28 U.S.C. § 1332(c)(2). 28 U.S.C. § 1441(b) provides that diversity actions "shall

be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, the addition of Ms. Guscott to this suit poses a potential jurisdictional problem. Plaintiff argues that the addition of Ms. Guscott destroys this Court's diversity jurisdiction, requiring the Court to remand the case to state court.

Removal statutes must be strictly construed against removal. Archuleta v. Lacuesta, 131 F.3d 1359, 1370 (10th Cir. 1997). If federal jurisdiction is doubtful, a court must resolve the issue in favor of remand. Id.

28 U.S.C. § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Tenth Circuit has held that diversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action, unless it is determined that the later-joined, non-diverse party was indispensable to the action at the time it commenced. Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1096 (10th Cir. 2003) (quoting Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (per curiam)). The Tenth Circuit based its holding on language in the Supreme Court case of Freeport-McMoRan. Unlike this case, however, both Freeport-McMoRan and Salt Lake Tribune involved the addition of a new defendant under FED. R. CIV. P. 25(c), which deals with transfers of interests from an original party to a transferee. Freeport-McMoRan, 498 U.S. at 428; Salt Lake Tribune, 320 F.3d at 1095-96. Subsequent cases construing Freeport-McMoRan have determined that its holding is limited to the substitution of parties under Rule 25 and would not apply in this case, where a *plaintiff* seeks to join a new *defendant*. Instead, when a plaintiff seeks to join an additional defendant by amendment of the pleadings, 28 U.S.C. § 1447(e) applies.

See Casas Office Machines, Inc. v. Mita Copystar A., Inc., 42 F.3d 668, 674 (1st Cir. 1994) ("Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, regardless of whether they happen to be dispensable or indispensable to the action."); Bishop v. Moore, No. Civ. A. 99-2275-GTV, 2000 WL 246583, at *2-3 (D. Kan. Feb. 4, 2000) (holding that Freeport-McMoRan's proposition that diversity jurisdiction, once established, is never defeated by addition of non-diverse party to action does not apply where plaintiff seeks to join new defendant); Stubbs v. Kline, No. Civ. 97-2133-JWL, 1998 WL 295598 (D. Kan. May 20, 1998) (holding that 28 U.S.C. § 1447(e), and not Freeport-McMoRan, applies where a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction); Sharp v. Kmart Corp., 991 F.Supp. 519, 524-27 (M.D.La. 1998) (holding that Section 1447(e), and not Freeport-McMoRan, controls where the case does not involve a Rule 25(c) motion).

In this case, the Court has already allowed Plaintiff to amend her complaint to add Kathryn Guscott, as the personal representative of Edward Guscott's estate, as a defendant. The Court's decision to permit the addition of a non-diverse defendant after removal was within the Court's discretion. 28 U.S.C. § 1447(e); 16 Moore's Federal Practice, § 107.41[2][d][i][A] (Matthew Bender 3d ed.). However, once a court joins a non-diverse defendant, Section 1447(e) requires the court to remand the complaint to state court, because the court no longer has subject matter jurisdiction. Cobb v. Delta Exports, Inc., 186 F.3d 675, 676-677 (5th Cir. 1999) (holding that court has discretion under Section 1447(e) to refuse to permit joinder; however, when court permits joinder, court must remand case to state court); Stubbs, 1998 WL 295598, at *2 (same).

Accordingly, because this Court has allowed Plaintiff to add Kathryn Guscott, a defendant whose addition destroys subject matter jurisdiction, the Court must remand this action to state court.

This Court's decision is supported by Murray v. State Farm Fire and Cas. Co., 870 F.Supp. 123 (S.D. W.Va. 1994). There, plaintiffs' property was allegedly damaged by a rock slide, and plaintiffs brought suit against the landowner of the property where the rock slide originated and against two insurance companies. Id. at 124. The insurance companies removed the case from state court based on diversity because the plaintiff and insurance companies were from different states and the co-defendant landowner, although a West Virginia resident, was a dissolved corporation, and thus not a viable party to the action. Id. Upon discovering that the dissolved corporation was not the owner of the property from which the slide originated, the plaintiffs sought to amend their complaint to substitute the true owner, a West Virginia resident. Id. The court allowed the amendment under Rule 15, despite the fact that the amendment would destroy diversity jurisdiction, because defendants knew from the commencement of the action that plaintiffs meant to include their adjacent landowner as a defendant and because plaintiffs seasonably moved to correct their mistake. Id. at 126. The court then held that because the amendment dissolved diversity jurisdiction by substituting a non-diverse party-defendant, the court had to remand the case under 28 U.S.C. § 1447(e). Id.

As in Murray, here Plaintiff mistakenly identified an improper defendant, Edward Guscott, when she first filed her complaint. Upon discovering her mistake, Plaintiff moved to amend her complaint to name the personal representative of Edward Guscott's estate as a defendant. Also similar to Murray, this Court allowed the amendment, despite the fact that the amendment adds a defendant who would destroy diversity, because the amendment was not so untimely as to

7

warrant denial of Plaintiff's motion and because the amendment was not unduly prejudicial. Therefore, this Court, like the court in Murray, is required to remand this action to state court under Section 1447(e).

IT IS THEREFORE ORDERED that:

1. Plaintiff's request that the Court correct the Memorandum Opinion and Order of August 13, 2003 on the nullity rule (Doc. No. 67) is DENIED;

2. Defendant Kathryn Guscott's request for reconsideration of Plaintiff's joinder motion (Doc. No. 62) is DENIED;

3. This Court does not have diversity jurisdiction over this action; and

4. This action is remanded to the Second Judicial District Court of New Mexico, County of Bernalillo.

_____
CHIEF UNITED STATES DISTRICT JUDGE